IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAMES PATRICK ELLIOTT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-19-CV-00025-PRM-ATB |
| | § | |
| EL PASO COUNTY SHERIFF'S | § | |
| DEPARTMENT; JOHN DOE, | § | |
| RELEASING OFFICER CRPL; AND | § | |
| JANE DOE, NURSE, | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On this day, the Court considered the status of the above-styled and numbered cause. On January 23, 2019, Plaintiff James Patrick Elliot ("Plaintiff"), proceeding *pro se*, filed an application to proceed *in forma pauperis* along with a financial affidavit. (ECF No. 4). On January 29, 2019, this Court granted Plaintiff's application, and his Complaint was thereafter filed. (ECF Nos. 5, 6). In the Order, the Court directed that "[p]rior to ordering service of process on Defendants, the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915." (ECF No. 5). The Court has now screened Plaintiff's Complaint (ECF No. 6) and submits this Report and Recommendation.

After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint against Defendant El Paso County Sheriff's Department ("Sheriff's Department") be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim. The Court **FURTHER RECOMMENDS** that Plaintiff's Complaint against Defendant Nurse Jane Doe be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

## I. BACKGROUND[1]

Plaintiff alleges in his Complaint that after being taken into the custody of the El Paso County Sheriff's Department on January 18, 2018, he advised the medical staff of injuries.[2] (ECF No. 6, p. 4). Plaintiff further alleges that his condition worsened during the four days he was in custody. (*Id*.). Additionally, Plaintiff alleges that on January 22, 2018, after he had posted bond but before he was released, he became incapacitated and suffered a stroke. (*Id*.). While in the midst of the stroke, unknown "Officer Corporal John Doe" dressed Plaintiff and carried Plaintiff to his vehicle. (*Id*.). Plaintiff then alleges that his "ride" "recognized the medical need and called an ambulance" which took Plaintiff from "[the] front of the El Paso County Jail . . . to the hospital and straight into surgery." (*Id*.). Finally, Plaintiff contends that the Sheriff's Department violated his Eighth Amendment right to medical care and that Nurse Jane Doe violated her professional responsibility when she failed to document his serious need for medical care. (*Id*. at 3).

## II. LEGAL STANDARD

28 U.S.C. § 1915 directs a court to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the court may *sua sponte* dismiss on these grounds even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).[3]

---

[1] While recounting the factual background, the Court addresses only the facts relevant to the immediate Order.
[2] Plaintiff's Complaint does not identify his injuries nor does it specify the extent of his injuries, and instead only states that "Plaintiff advised medical staff of injuries . . . ." (ECF No. 6, p. 4)
[3] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (stating that service on defendants is not required before dismissing an action for failure to state a claim) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that § 1915A, like § 1915(e)(2), "clearly does not require that process be served or that plaintiff be provided an opportunity to respond before dismissal").

To determine whether a complaint fails to state a claim on which relief may be granted, courts engage in the same analysis as when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam).

Rule 12(b)(6) of the Federal Rules provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

## III. ANALYSIS

### a. Claims Against the El Paso County Sheriff's Department

Plaintiff alleges that the Sheriff's Department "violated his Eighth Amendment right to medical care." (ECF No. 6, p. 3). Construing the Complaint broadly and accepting all factual allegations as true, the Court reads Plaintiff's claim as an attempt to hold the Sheriff's Department liable for the actions of one or more of its employees.

Under *Monell*, a municipality may be liable under two theories: a municipality's promulgated policy or custom, or a municipality's failure to train. As Plaintiff has not explicitly stated under what *Monell* theory he claims the Sheriff's Department is liable, the Court will address both the traditional *Monell* claim regarding the promulgation of a policy or custom which constitutes the "moving force" of a constitutional violation, as well as the failure to adequately train subordinates. *World Wide St. Preachers' Fellowship v. Town of Columbia*, Civil Action No. 05-0513, 2008 WL 920721, at *7–8 (W.D. La. Apr. 3, 2008) (comparing *City of Canton v. Harris*, 489 U.S. 378 (1989) *with Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

#### 1. Policy or Custom

Municipalities cannot be held liable under 42 U.S.C. § 1983 based upon a theory of vicarious liability. *Monell*, 436 U.S. at 694. "Instead, it is when execution of a government's

4

policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) ("[A municipality] is liable only for acts directly attributable to it 'through some [sort of] official action or imprimatur.'") (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Under § 1983, municipal liability for a policy or custom claim requires proof of: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights that is the "moving force" of the official policy or custom. *Piotrowski*, 237 F.3d at 578. Furthermore, only where a municipality adopts a policy that violates a constitutional right or fails to adopt a policy preventing the violation of a constitution right "evidenc[ing] a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a [municipal] 'policy or custom' that is actionable under § 1983." *Harris*, 489 U.S. at 389. In sum, for there to be municipal liability, a plaintiff must establish both municipal causation and culpability. *See Snyder v. Trepagnier*, 142 F.3d 791, 795–96 (5th Cir. 1998) ("Plaintiffs seeking to win under this theory must first prove a direct causal link between the municipal policy and the constitutional deprivation; they then must establish that the city consciously enacted a policy reflecting 'deliberate indifference' to the constitutional rights of its citizens.").

There are multiple ways in which a custom or policy can be found to exist. First, a custom or policy can stem from a single act by an official with final policymaking authority. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–83 (1986) (establishing that isolated actions or decisions by a municipal policymaker with "final policymaking authority" may create municipal liability). Second, the custom or policy can also be a policy statement formally announced by an official

policymaker. *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc) (per curiam)). Finally, a custom or policy can also be demonstrated through a "persistent[,] widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* (quoting *Webster*, 735 F.2d at 841). "For a custom or practice to be considered a de facto policy, however, a plaintiff must allege facts 'showing a pattern of abuses that transcends the error made in a single case.'" *Lozano v. Ortega*, No. EP-14-CV-239-KC, 2014 WL 6611595, at *15 (W.D. Tex. Nov. 19, 2014) (citing *Piotrowski*, 237 F.3d at 582).

Here, Plaintiff fails to meet any of the three requirements necessary for municipal liability under a policy or custom claim. First, although Plaintiff's Complaint alleges that the Sheriff's Department "violate[d] Plaintiff's 8th Amendment right to medical care" (ECF No. 6, p. 3), it fails to identify a policy maker, as well as an official policy or custom. Further, without an identifiable policy or custom, the third element requiring a policy or custom as the moving force behind the alleged constitutional violation cannot be satisified. Accordingly, the Court finds that Plaintiff has failed to state a policy or custom claim against the Sheriff's Department for a municipal liability claim under *Monell*.

### 2. Failure to Train or Supervise

An alternative to establishing municipal liability under *Monell* is through a failure to train or supervise claim. Under § 1983, a supervisor not personally involved in the alleged constitutional violation may be liable only if: "(1) the supervisor failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the detainee's rights; and (3) the failure to train or supervise constituted

deliberate indifference to the detainee's constitutional rights." *In re Estate of Pollard v. Hood Cty.*, 579 F. App'x 260, 266 (5th Cir. 2014) (per curiam) (citing *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). "It is not enough to say that more or different training or supervision would have prevented" the alleged violation. *Estate of Davis*, 406 F.3d 375; *see Harris*, 489 U.S. at 392 (1989) ("In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done'. . . ."); *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) ("Mere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability.") (citation omitted).

Moreover "the possibility of single-incident liability based on a failure to train is rare, and . . . a single incident is usually insufficient to demonstrate deliberate indifference." *Walker v. Upshaw*, 515 F. App'x 334, 341 (5th Cir. 2013) (per curiam). "To qualify for the single incident exception, [a plaintiff] must show that [the county's] training was so inadequate that the county should have predicted that an untrained officer would have" acted in the way the offending officer allegedly acted. *Anderson v. Marshall Cty.*, 637 F. App'x 127, 134–35 (5th Cir. 2016) (per curiam).

In this case, Plaintiff's Complaint alleges no facts against the Sheriff's Department supporting municipal liability for a failure to train or supervise claim under *Monell*. Not only does Plaintiff's Complaint fail to identify Corporal John Doe's supervisor, as required in a failure to train or supervise claim, but it also fails to present any facts showing any causal connection between the alleged failure to train or supervise and the alleged violation of Plaintiff's constitutional rights. *See Pollard* at 266. Without factual allegations identifying a supervisor or a

7

causal connection between what occurred and the acts or omissions of a supervisor, the Court finds that Plaintiff has not stated a claim for failure to train or supervise.

In summary, because the Court finds that Plaintiff has failed to state either a policy or custom claim, or a failure to train or supervise claim against the Sheriff's Department, the Court recommends that Plaintiff's claims against the Sheriff's Department should be dismissed.

b.  **Claim Against Nurse Jane Doe**

Plaintiff's Complaint alleges that Nurse Jane Doe "[v]iolated her professional responsibility by not documenting [Plaintiff's] serious need for care." (ECF No. 6, p. 3). Construing Plaintiff's allegation against Nurse Jane Doe broadly, the Court reads Plaintiff's claim as one of deliberate indifference to a serious need for medical care.

While the rights of convicted prisoners are grounded in the Eighth Amendment, the rights of pretrial detainees, like Plaintiff, are grounded in the Fourteenth Amendment.[4] *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Under the Fourteenth Amendment, a "pretrial detainee . . . ha[s] a clearly established . . . right not to be denied, by deliberate indifference, attention to his serious medical needs." *In re Estate of Pollard v. Hood Cty.*, 579 F. App'x 260, 265 (5th Cir. 2014) (per curiam) (citing *Flores v. Cty. of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir. 1997)). Even so, "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

To prove deliberate indifference, a prisoner must establish two elements: (1) that he or she was deprived of a medical need that is "objectively, 'sufficiently serious,'" and (2) that the

---

[4] "In the case of an episodic act or omission, as here, the courts use the same deliberate indifference standard whether the claim arises under the Eighth or Fourteenth Amendments." *Davalos v. Johns*, No. 3:11–CV–0222–P, 2013 WL 1820313, at *9 n.9 (N.D. Tex. Apr. 30, 2013) (citing *Hare*, 74 F.3d at 648–50). "Consequently, Eighth Amendment case law is just as authoritative in this area as cases decided under the Fourteenth Amendment." *Id.*

defendant had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). In other words, the prisoner must show that: "(1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm to occur." *Thompson v. Upshur Cty.*, 245 F.3d 447, 458–59 (5th Cir. 2001) (citation omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Ball v. LeBlanc*, 792 F.3d 584, 594 (5th Cir. 2015). Deliberate indifference can also be shown by proving that jail officials: (1) refused to treat the detainee; (2) ignored his complaints; (3) intentionally treated him incorrectly; or (4) engaged in any similar conduct that would clearly show that they had a wanton disregard for the detainee's serious medical needs. *Smith v. Kaufman Cty. Sheriff's Office*, No. 3:10–CV–703–L–BK, 2011 WL 7547621 at *17 (N.D. Tex. Dec. 14, 2011) (citing *Domino*, 239 F.3d at 756).

Here, Plaintiff's factual allegations appear to be divisible into two separate time periods. First, Plaintiff alleges that during his four days in custody, he was suffering from unidentified injuries and that his condition continued to worsen. (ECF No. 6, p. 4). Second, Plaintiff alleges that while being released from custody, he contemporaneously experienced a stroke. (*Id.*).

1. **Time in Custody**

First, while Plaintiff alleges he was suffering from injuries while in custody, he fails to establish a claim for deliberate indifference against Nurse Jane Doe. Plaintiff's Complaint fails to allege that his injuries were "objectively, 'sufficiently serious'" as it does not identify the types or extent of Plaintiff's injuries. *See Farmer* at 834. Further, Plaintiff's Complaint alleges no facts

9

showing that Nurse Jane Doe had a sufficiently culpable state of mind during this period. *Id*. Moreover, while Plaintiff alleges that he "advised medical staff of [his] injuries" (ECF No. 6, p. 4), Plaintiff fails to specify whether Nurse Jane Doe was one of the medical staff personnel who he advised of his injuries. Additionally, Plaintiff fails to establish that Nurse Jane Doe was aware of any facts, including the extent of his injuries, from which an inference of substantial risk of serious harm could be drawn. *See Thompson* at 458-49. Finally, Plaintiff fails to demonstrate that Nurse Jane Doe actually drew an inference of serious harm or intended harm to occur. *Id*.

Furthermore, Plaintiff's contention that Nurse Jane Doe "violated her professional responsibility by not documenting his serious need for care" (ECF No. 6, p. 3) fails to state a claim for deliberate indifference. Plaintiff's allegation is void of any facts demonstrating that Nurse Jane Doe refused to treat Plaintiff, ignored his complaints, intentionally treated him incorrectly, or acted with wanton disregard for Plaintiff's serious medical needs. *See Domino* at 756.

Accordingly, the Court finds that Plaintiff's allegations against Nurse Jane Doe fails to state a claim for deliberate indifference during his time in custody.

### 2. Release from Custody

Second, while Plaintiff's factual contentions about his release from custody show a serious risk of harm, those facts as alleged fail to establish a deliberate indifference claim against Nurse Jane Doe. There is no allegation that Nurse Jane Doe was even present at the time of Plaintiff's release from custody nor that she was aware of the stroke Plaintiff was experiencing during his release from custody. In sum, Plaintiff's Complaint lacks any factual contentions about specific acts or omissions committed by Nurse Jane Doe during Plaintiff's release from custody. As such, the Court finds that Plaintiff's Complaint fails to state a claim for deliberate indifference against Nurse Jane Doe during his release from custody.

Given the Court's findings above, the Court recommends that Plaintiff's deliberate indifference claims against Nurse Jane Doe be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's claims against Defendant El Paso County Sheriff's Department and Defendant Nurse Jane Doe be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B).[5]

Accordingly, the Court **FURTHER RECOMMENDS** that Defendant El Paso County Sheriff's Department and Defendant Nurse Jane Doe be **DISMISSED** from this case.

**SIGNED** and **ENTERED** this 11th day of February, 2019.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

[5] The Court is not recommending dismissal of the entire case given the pending claim against Defendant Corporal John Doe. *See* ECF No. 12.